**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Lynn Cattanach, | No. CV-22-00572-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Community College District, et al., | |
| Defendants. | |

Pending before the Court is Defendant Maricopa County Community College District's ("MCCCD" or "the District")[1] Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5.) Plaintiff Donna Lynn Cattanach, appearing pro se, was advised of her rights and responsibilities on a motion to dismiss as required by *Stratton v. Buck*, 697 F.3d 1004 (9th Cir. 2012). (Doc. 6.) Plaintiff filed her Response on March 3, 2023. (Doc. 11) Defendant filed its Reply on March 9, 2023. (Doc. 12.)

On March 15, 2023, Plaintiff filed a "Response to Defendant's Reply." (Doc. 13.) The Court interprets this filing as a sur-reply. "[N]either the Federal Rules of Civil Procedure nor the District's Local Rules entitle a party to a sur-reply as a matter of right." *Burgess v. Shinn*, No. CV-21-01164-PHX-DJH, 2022 WL 2341218, at *1 (D. Ariz. June 29, 2022) (citing LRCiv 7.2). In general, "sur-replies are highly disfavored and permitted only in extraordinary circumstances." *Id.* (quoting *Finley v. Maricopa Cnty. Sheriff's*

---

[1] Although the caption in this matter indicates multiple Defendants, the Third Amended Complaint served upon Defendant MCCCD was edited to include only Defendant MCCCD. (Doc. 1-3 at 63.)

*Office*, No. CV-14-02609-PHX-DLR, 2016 WL 777700, at *1 n.1 (D. Ariz. Feb. 29, 2016)). The Court may, in its discretion, permit a party to file a sur-reply, considering "whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed sur[-]reply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *Liberty Corp. Cap. Ltd. v. Steigleman*, No. CV-19-05698-PHX-GMS, 2020 WL 2097776, at *1 n.2 (D. Ariz. May 1, 2020) (quoting *Sebert v. Ariz. Dep't of Corr.*, No. CV-16-00354-PHX-ROS-ESW, 2016 WL 3456909, at *1 (D. Ariz. June 17, 2016)). The Court understands that this was likely done because Plaintiff is pro se, however, the Court will strike Plaintiff's sur-reply. Defendant did raise any new arguments to which Plaintiff must respond, neither would the sur-reply as written be helpful to resolution of Defendant's Motion to Dismiss.

 For the following reasons, the Court will grant Defendant's Motion to Dismiss.

## I.      Brief Factual Background

In 2016, Plaintiff, 73, began working for Defendant as a Writing Tutor. (Doc. 5-1 at 2.)[2] She resigned on or about November 24, 2021 after, she alleges, she experienced "egregious harassment based upon age" for over a year. (Doc. 1-3 at 51.) On February 15, 2022, Plaintiff filed a charge of discrimination based on age with the U.S. Equal Employment Opportunity Commission (EEOC) against her former employer. (Doc. 5-1.) Plaintiff alleged:

> On or about February 14, 2021, I was harassed by Samantha Crandall, Instructional Services Manager with accusations of flouting work policies and breaking the rules of not assisting students with quizzes and test [sic]. On or about July 13, 2021, I asked Sara Olk, Administrative Assistant, why haven't I been assigned students to tutor, and she stated that we'll do our best to distribute more of them to you when we can. On

---

[2] Notably, Plaintiff does not provide any information about her age in her Second Amended Complaint. (*See* Doc. 1-3 at 50–56.) This fact was only available in the copy of the EEOC Charge that Defendant provided as an attachment to its Motion to Dismiss. (Doc. 5-1.)

1
2
3
4
5
6

> or about November 5, 2021, I started having symptoms of sickness due to the hostile work environment, I know of others not in my protected class that are treated better than me. On or about November 17, 2021, I constructively discharged when I submitted my resignation letter to Samantha Crandall . . . . I believe I was discriminated against because of my age, 71, in violation of the Age Discrimination in Employment Act of 1967, as amended.

7   (*Id.* at 2.)

8          On August 13, 2022, Plaintiff filed a Complaint in Pima County Superior Court
9   citing Title VII, Title VI, the Age Discrimination in Employment Act ("ADEA"),
10  Americans with Disabilities Act ("ADA"), the Civil Service Reform Act ("CSRA"), and
11  the elements of a claim of negligence. (Doc. 1-3 at 24–25.) Plaintiff filed Amended
12  Complaints on August 17 ("First Amended Complaint") and August 20 ("Second
13  Amended Complaint"). (Doc. 1-3 at 31–37, 50–56.) Plaintiff then amended her complaint
14  again on November 3 ("Third Amended Complaint"). (Doc. 1-3 at 63–69.) It does not
15  appear that Plaintiff filed this final version with the Pima County Superior Court Clerk,
16  but Defendant asserts it was only ever served with the Third Amended Complaint. (Doc.
17  5 at 2.) Apart from adding some detail to her alleged physical and psychological injures,
18  Plaintiff only changed the Defendants she named between the Second and Third
19  Amended Complaints.[3] The Court will cite to the allegations in Plaintiff's Second
20  Amended Complaint as it was the last document filed with the Court Clerk, and because
21  the substantive allegations it contains against Defendant are identical to the Third
22  Amended Complaint that was served upon Defendant. *See Ferdik v. Bonzelet*, 963 F.2d
23  1258, 1262 (9th Cir. 1992); *A.R. Intern. Anti-Fraud Sys., Inc. v. Pretoria Nat. Cent.*
24  *Bureau of Interpol*, 634 F. Supp. 2d 1108, 1119 (E.D. Cal. 2009) (finding that an
25  amended complaint supersedes the original complaint).
26         Plaintiff's Second Amended Complaint—indeed every version of her Complaint—
27  is sparse and lacks specific factual allegations or explanation of her claims. Plaintiff
28

---

[3] In her Second Amended Complaint, Plaintiff named "District (MCCCD); Dr. Deric Hall, Director EEO; Melinda Caraballo, Acting Director EEO." (Doc. 1-3 at 50). In her Third Amended Complaint, the only remaining party was the District. (Doc. 1-3 at 63.)

states that she was "Discriminated against based upon Age and Egregiously Harassed due to a Hostile Work Environment from Jan 9, 2021, until Nov 24, /2021 [sic] at MCCCD-Phoenix College." (Doc. 1-3 at 51.) She further alleges "Disparate Treatment" stating "[o]ut of just about 40 Tutors in Phoenix College I was treated very differently from other Tutors. 35 tutors out of 40 were substantially under the age of 40. Most tutors were in their 20s, early 30s." (*Id.* at 52.) She notes, "October-November 2021, I learned another employee in my age range was also harassed & resigned" but offers no additional detail. (*Id.*) Finally, she makes reference to "Constructive Discharge due to Hostile Work Environment." (*Id.*) She asserts that she suffered anxiety and several physical ailments (i.e., osteoarthritis, migraines, and diarrhea) as a result of her experience. (*Id.* at 52–55.)

Attached to Defendant's Notice of Removal were copies of Plaintiff's Complaint(s) along with various additional documents (i.e., a letter from Plaintiff regarding EEOC Charge, and copies of messages and emails between Plaintiff and other District employees). (*See* Docs. 1-3, 1-4, 1-5.)

On a Rule 12(b)(6) motion to dismiss, the Court is generally limited to considering the complaint itself. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). However, the Court may consider "material which is properly submitted as part of the complaint" and whose legitimacy is not contested. *Id.* (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). Alternatively, "under [Federal Rule of Evidence] 201, a court may take judicial notice of 'matters of public record.'" *Id.* (quoting *Mack v. South Bay Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). An EEOC charge is a matter of public record. *See Spina v. Maricopa Cnty. Dept. of Transp.*, No. 05–CIV–0712–PHX–SMM, 2007 WL 4168438, at *2 (D. Ariz. Nov. 20, 2007).

It is not clear to the Court which of the additional documents included with the Notice of Removal, if any, were attached to Plaintiff's Second Amended Complaint. Accordingly, the Court will consider only the face of the Second Amended Complaint and the copy of the EEOC Charge attached to Defendant's Motion to Dismiss.

## II.    Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's lawsuit in its entirety because she failed to sufficiently allege a claim upon which relief can be granted. (Doc. 5.) Defendant asserts that Plaintiff has not pled any facts that plausibly establish a claim for age discrimination under the ADEA. (*Id.* at 3–9.) Defendant further argues that Plaintiff's Title VII and ADA claims lack factual support and are otherwise barred because Plaintiff failed to exhaust her administrative remedies. (*Id.* at 9–13.) Defendant also contends that Plaintiff's Title VI claim lacks factual support. (*Id.* at 15.) Finally, Defendant asserts that Plaintiff has not pled a viable claim for a suit under negligence by merely listing the elements of negligence in the applicable law section of her Second Amended Complaint. (*Id.* at 13.)

## III.    Motion to Dismiss Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is only plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The law requires the complaint to contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly,* 550 U.S. at 555. This means that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The task of determining if a plaintiff has stated a plausible claim to survive a motion to dismiss is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, although a plaintiff's specific factual allegations might be relevant to a constitutional claim, a court

must nevertheless consider whether there are other "more likely explanations" for a defendant's conduct. *See id.* at 681.

While pro se litigants are generally held to the same rules as parties who are represented by an attorney, the court will "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). If the district court determines that a pleading might be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

## IV.    Discussion

The Court agrees that Plaintiff has failed to meet the pleading requirements to plausibly state any claim upon which relief can be granted in her Second Amended Complaint.

### A. ADEA

The ADEA prohibits an employer from acting to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[,]" or "to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age[.]" 29 U.S.C. §§ 623(a)(1)–(2).

A plaintiff seeking to state a claim for age discrimination under a theory of disparate treatment must allege facts that, if true, establish (1) Plaintiff is at least forty; (2) Plaintiff was performing satisfactorily; (3) Plaintiff suffered an adverse employment action; and (4) Plaintiff was replaced by someone outside the protected age class. *See Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1094 (9th Cir. 2005); *see also Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012). Although "a wide array of disadvantageous changes in the workplace" might constitute an adverse

employment action, *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000), "not every employment decision amounts to an adverse employment action," *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). "An adverse employment action is shown where the employer's decision imposed a 'material change in the terms and conditions of a person's employment.'" *DeVega v. Ariz. Bd. of Regents*, 2006 WL 2168566, at *3 (D. Ariz. July 28, 2006) (quoting *Chuang v. Univ. of Cal.*, 225 F.3d 1115, 1126 (9th Cir. 2000)).

Furthermore, "[t]o establish a hostile work environment claim, a plaintiff must show: (1) [s]he is a member of the class protected by the ADEA; (2) [s]he was subjected to unwelcome harassment; (3) the harassment was based on age; (4) the harassment was sufficiently pervasive or severe so as to alter the conditions of the plaintiff's employment and create an abusive work environment; (5) the objectionable behavior was both subjectively and objectively offensive, such that a reasonable person would find it hostile or abusive; (6) and the plaintiff found it hostile or abusive." *Caracofe v. Drake Kryterion, Inc.*, No. CV-18-02595-PHX-SPL, 2020 WL 122873, at *6 (D. Ariz. Jan. 10, 2020). "[C]ourts consider all the circumstances, including the frequency of the allegedly discriminatory conduct, its severity, and whether it unreasonably interferes with an employee's work performance." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1109 (9th Cir. 2008). That said, "[s]imply causing an employee offense based on an isolated comment is not sufficient . . . ." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004); *see also*, *Kortan v. Calif. Youth Authority,* 217 F.3d 1104 (9th Cir. 2000) (plaintiff who alleged supervisor mailed postcards to her home, stated females are "castrating bitches," and called the plaintiff "Medea," did not raise a hostile work environment claim); *Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003) (plaintiff who alleged coworkers made racist remarks, called him "China man," and "pulled their eyes back with their fingers in an attempt to imitate or mock the appearance of Asians" did not create a hostile work environment); *but see Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1163 (9th Cir. 2017) (employer who sided with plaintiff's alleged rapist raised sufficient hostility to withstand summary judgment).

Here, Plaintiff has failed to meet the pleading standard to plausibly state a claim under the ADEA for age discrimination, even if the Court considers the factual allegations in the EEOC Charge in addition to Plaintiff's Second Amended Complaint. The EEOC Charge establishes that Plaintiff is over forty years old. (Doc. 5-1.) But Plaintiff does not allege facts that she was performing her work satisfactorily, that she suffered a cognizable adverse employment action, or that she was replaced by someone younger. Plaintiff alleges that she complained once about not being assigned students to tutor, but she does not elaborate any further about this practice apart from saying that she was told the District would "do our best to distribute more of them to you when we can." (*Id.*) These minimal factual allegations are not enough for the Court to plausibly infer that Plaintiff suffered any adverse employment action. And while she states that the majority of tutors were younger than her and that she knew "of others not in [her] protected class that are treated better than [her]," Plaintiff does not explain how, why, or attempt to connect these allegations to her alleged mistreatment.

Neither has Plaintiff pled sufficient facts for a claim of a hostile work environment. Although she is protected by the ADEA, Plaintiff has not alleged that the harassment she experienced was based on age, nor that it was nearly so pervasive or severe as to alter her work conditions and create an objectively abusive work environment. Taken as true, Plaintiff's sparse allegations that a manager accused her of violating policy and that she was not assigned students to tutor once are not pervasive, severe, or enough to allege that a reasonable person would find that environment hostile or abusive.

In her Response, Plaintiff seems to mistake a requirement that she plead sufficient factual allegations with a requirement that she provide all her evidence regarding her alleged mistreatment. (*See, e.g.*, Doc. 11 at 3–4.) She argues that she could not possibly have fit evidence of a year's worth of mistreatment in a brief complaint. (*Id.*) Plaintiff does not have to provide all her evidence to survive a Rule 12(b)(6) motion to dismiss. She must, however, provide explanation and specific factual allegations so as to avoid the "unadorned, the defendant unlawfully-harmed-me accusation[s]" prohibited by *Iqbal*, 556

- 8 -

U.S. at 678, and permit this Court to reasonably infer that she has a claim.

### B.  Title VII

Plaintiff also appears to allege a claim under Title VII. Title VII makes illegal any action by an employer that discriminates against any individual with respect to her compensation, terms, conditions, or privileges of employment because of her race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). The first requirement to make out a prima facie case for Title VII discrimination is to allege that the plaintiff is a member of a protected class. *See Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 690–91 (9th Cir. 2017).

Plaintiff has not made any allegation that she belongs to a class protected under Title VII (race, color, religion, sex, or national origin) or that she experienced discrimination based on her membership in that class. It is unnecessary to analyze Plaintiff's Title VII claim further.

### C.  Title VI

Plaintiff also cites to Title VI in her Second Amended Complaint. (Doc. 1-3 at 52–53.) Title VI prohibits "any program or activity receiving Federal financial assistance" from excluding, denying benefits, or discriminating against any individual "on the ground of race, color, or national origin[.]" 42 U.S.C. § 2000d. In her Response, Plaintiff addresses why she believes the District received federal financial assistance to fall under Title VI, but she does not make any factual allegations that her alleged mistreatment was on the basis of her race, color, or national origin. (Doc. 11 at 5–6.) Therefore, the Court will dismiss Plaintiff's Second Amended Complaint to the extent she raises a claim under Title VI.

### D.  ADA

Although Plaintiff cited the ADA in her Second Amended Complaint, she clarifies in her Response that this was a typo and she only meant to cite to the ADEA. (Doc. 11 at 5.) Accordingly, the Court will dismiss the ADA claim and not address it further.

### E.  Negligence

In the applicable law section of her Second Amended Complaint, Plaintiff lists the four elements of a claim of negligence (duty, breach, causation, and damages). (Doc. 1-3 at 54.) She provides no other reference to negligence nor any specific factual allegations that would support a claim that the District breached a duty owed to Plaintiff and that such breach caused damages. The Court will therefore dismiss Plaintiff's Second Amended Complaint to the extent she intended to allege a claim of negligence.

### F.  CSRA

Plaintiff makes a reference the CSRA. (Doc. 1-3 at 54.) The CSRA applies to federal employees. *See Kloeckner v. Solis*, 568 U.S. 41, 44 (2012) ("The Civil Service Reform Act . . . establishes a framework for evaluating personnel actions taken against federal employees."). Plaintiff has not made any allegations that she was a federal employee when employed by the District. The Court will dismiss Plaintiff's Second Amended Complaint to the extent she intended to allege a claim under the CSRA.

## V.    Conclusion and Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's Second Amended Complaint for failure to state a claim. The Court will however dismiss without prejudice to allow Plaintiff to re-file an amended complaint because she may have more information that she thought she could not include in a few sentences. (*See* Doc. 11 at 4 ("I experienced harassment over the entire year of 2021. The form of harassment varies but not the intent. I couldn't include dates, nature of incident, severity, etc. in 1, 2 sentences. It's not realistic.").)

The Court evaluates whether to permit amendment by weighing "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Here, the Court will permit Plaintiff one more opportunity to amend the complaint. Within thirty (30) days of the date of this Order, Plaintiff may file a Fourth Amended Complaint. **The Fourth Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the previous complaints by reference. In other words, if Plaintiff files a Fourth Amended Complaint, the Court will consider it as a stand alone document and will only assess the factual allegations it contains.**

Plaintiff must write short, plain statements telling the Court: (1) law right Plaintiff believes was violated; (2) the name of the Defendant who violated the law; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). If Plaintiff fails to affirmatively link the conduct of the named Defendant with the specific injury suffered by Plaintiff, the allegations against Defendant will be dismissed for failure to state a claim. As indicated above, mere conclusory allegations that a Defendant has violated the law are not acceptable and will be dismissed.

The Court is aware that Plaintiff is proceeding pro se. Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. Plaintiff is also advised that a Handbook for Self-Represented Litigants is available on the Court's website at: http://www.azd.uscourts.gov/handbook-self-represented-litigants. In addition, Step Up to Justice offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m. If Plaintiff wishes to schedule a clinic appointment, she should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik*, 963 F.2d at 1260–61 (holding that the district court did not

abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

Accordingly,

**IT IS ORDERED** that

(1) Plaintiff's Sur-Reply (Doc. 13) is **STRICKEN**.

(2) Defendant MCCCD's Motion to Dismiss is **GRANTED**. (Doc. 5.)

(3) This matter is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a Fourth Amended Complaint **within thirty (30) days of the date of this Order**. If Plaintiff fails to file a Fourth Amended Complaint within this deadline, the Clerk of Court must, without further order of the Court, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

Dated this 29th day of March, 2023.

Honorable Raner C. Collins
Senior United States District Judge